UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'     JS-6

| Case No. | 2:16-cv-06643-CAS(KSx) | Date | October 27, 2016 |
|---|---|---|---|
| Title | U.S. BANK NATIONAL ASSOCIATION v. RICHARD I. FINE ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - PLAINTIFF U.S. BANK NATIONAL ASSOCIATION'S MOTION TO REMAND (Dkt. 6, filed September 28, 2016)

## I.   INTRODUCTION

On August 23, 2016, U.S. Bank National Association ("plaintiff") filed an unlawful detainer action in the Los Angeles County Superior Court against Richard I. Fine, Maryellen Olman Fine, and Does 1–10 ("defendants"). Dkt. 1, Ex. A ("Complaint"). Defendants are allegedly occupants and possessors of a real property in Tarzana, California ("Property"). Compl. ¶ 2.

Plaintiff acquired title to the Property at a non-judicial foreclosure sale on August 5, 2016. Id. ¶ 5; Compl. Ex. 1. On August 16, 2016, plaintiff caused to be duly served on defendants a written notice requiring defendants to quit and deliver possession of the Property to plaintiff. Compl. ¶ 6; Compl. Ex. 2 ("Notice to Quit"). The time to deliver the Property as set forth in the Notice to Quit has expired, but defendants continue in possession of the Property. Compl. ¶¶ 7–8.

Defendants filed a Notice of Removal on September 2, 2016, dkt. 1 ("Removal"). Defendants contend that the Court has original jurisdiction because "FDCPA 15 U.S.C. Section 1692" precludes plaintiff and plaintiff's servicer, Gregory Funding, LLC, "from taking any action." Id. ¶¶ 4–5. Defendants contend that Gregory Funding "was deemed to be a debt collector in its October 28, 2015 Notice of Default to the Fines[.]" Id. ¶ 5. Defendants assert that they brought an action in federal court "to enforce the FDCPA violations," id. ¶ 7, and that plaintiff knew in filing its action that "it raised the underlying FDCPA 15 U.S.C. Section 1692 statute violations and federal jurisdiction on the issue of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-06643-CAS(KSx) | Date | October 27, 2016 |
| Title | U.S. BANK NATIONAL ASSOCIATION v. RICHARD I. FINE ET AL. | | |

U.S. Bank's right to possession of the property[,]" id. ¶ 9.  Plaintiff also aver that it has filed an action "in this Court" to clear title, quiet title, and set aside the foreclosure sale and other causes of action, No. 16-06608-SVW-SS, which provides supplemental jurisdiction to the FDCPA issues raised in this action.  Id. ¶ 10.

Plaintiff filed a motion to remand the case to Los Angeles County Superior Court on September 28, 2016.  Dkt. 6.  Defendants filed their opposition on October 11, 2016, dkt. 9, and plaintiff filed its reply on October 14, 2016, dkt. 11.

## III.   LEGAL STANDARDS

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and statute.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists.  See Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).  Removal is proper where the federal courts would have had original jurisdiction over an action filed in state court.  28 U.S.C. § 1441(a).  Courts recognize a "strong presumption" against removal jurisdiction and place the burden on the removing defendant to demonstrate that subject matter jurisdiction exists.  See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  In general, a federal district court has subject matter jurisdiction where a case presents a claim arising under federal law ("federal question jurisdiction"), or where the plaintiffs and defendants are residents of different states and the amount in controversy exceeds $75,000 ("diversity jurisdiction").  See, e.g., Deutsche Bank Nat'l Trust Co. v. Galindo, 2011 WL 662324, *1 (C.D. Cal. Feb.11, 2011) (explaining the two types of jurisdiction).

## IV.   DISCUSSION

Here, the Court's review of the Notice of Removal, attached Complaint, and plaintiff's Motion to Remand make clear that this Court does not have subject matter jurisdiction over the instant matter.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     **'O'**    **JS-6**

| Case No. | 2:16-cv-06643-CAS(KSx) | Date | October 27, 2016 |
|---|---|---|---|
| Title | U.S. BANK NATIONAL ASSOCIATION v. RICHARD I. FINE ET AL. | | |

### A. Diversity Jurisdiction

Removal on the basis of diversity jurisdiction requires that the parties be completely diverse and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a)(1); Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam). In unlawful detainer actions, "California courts have noted that 'the right to possession *alone* [is] involved,' - not title to the property." Litton Loan Servicing, L.P. v. Villegas, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011) (quoting Evans v. Superior Court, 67 Cal. App. 3d 162, 168 (1977)). Therefore, "the amount of damages sought in the complaint, not the value of the subject real property, determines the amount in controversy." Id. at *2. Where, as here, plaintiff seeks cumulative damages based on the reasonable daily value of possession, courts calculate the amount in controversy based on cumulative possession thus far. Id.

The amount in controversy here does not exceed $75,000. The complaint seeks only the reasonable value of the use and occupancy of the premises, calculated at $50 per day from the expiration of the Notice to Quit (August 20, 2016), to the date when defendants yield possession of the property to plaintiff. Compl. ¶ 9. In the approximately 69 days between August 20, 2016 and now, the cumulative amount in controversy is only $3,400. Accordingly, this Court lacks diversity jurisdiction.

### B. Federal Question Jurisdiction

There is no federal question apparent on the face of plaintiff's complaint, which alleges only a simple unlawful detainer cause of action. See Wescom Credit Union v. Dudley, 2010 WL 4916578, *2 (C.D. Cal. Nov. 22, 2010) ("An unlawful detainer action does not arise under federal law."); IndyMac Federal Bank, F.S.B. v. Ocampo, 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim). Because plaintiff does not allege facts supplying federal question jurisdiction, plaintiff could not have brought this action in federal court and removal was improper. See 28 U.S.C. 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.").

Defendants appear to argue that a federal question arises from the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. Removal ¶¶ 5–10. Defendants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:16-cv-06643-CAS(KSx) | Date | October 27, 2016 |
|---|---|---|---|
| Title | U.S. BANK NATIONAL ASSOCIATION v. RICHARD I. FINE ET AL. | | |

contend that "nonjudicial foreclosure exists under the FDCPA" therefore "a federal cause of action exists under the FDCPA." Opp'n at 2. Defendants allege that Gregory Funding "has been an active 'debt collector' against the Fines." Id. at 3.

The FDCPA "imposes civil liability on "debt collector[s]" for certain prohibited debt collection practices." Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 576 (2010). The Court agrees with plaintiff that plaintiff is not attempting to collect a debt or satisfy a post-foreclosure deficiency judgment by means of its unlawful detainer action. Furthermore, "nonjudicial foreclosure is not debt collection." Rockridge Trust v. Wells Fargo, N.A., 985 F. Supp. 2d 1110, 1136 (N.D. Cal. 2013) (collecting cases). Therefore plaintiff's conduct is not subject the FDCPA. In addition, this Court has already determined that plaintiff is not a "debt collector" within the meaning of the FDCPA. See Fine v. Gregory Fund, LLC, No. 2:16-cv-02263-RGK-JPR, dkt. 56 at 4. The Court further finds that plaintiff's unlawful detainer action arises under state law. See Cal. Civ. Proc. Code § 1161a; Cal. Civ. Code § 2924. Because plaintiff's complaint does not present a federal question, either on its face or as artfully pled, the Court lacks diversity jurisdiction under 28 U.S.C. § 1331. Additionally, the Court may not exercise supplemental jurisdiction over this action on the basis of a different action pending in the Central District of California. See Wescom Credit Union v. Dudley, No. 2:10-cv-8203-GAF-SS, 2010 WL 4916578, at *3 (C.D. Cal. Nov. 22, 2010) (noting that the supplemental jurisdiction statute "does not authorize supplemental jurisdiction over free-standing state law claims that are related to a separate action over which the court has jurisdiction"); cf. Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 34 (2002) ("Ancillary jurisdiction . . . cannot provide the original jurisdiction that petitioners must show in order to qualify for removal under § 1441.").

### C. Remand

Having evaluated whether the Court has either diversity or federal question jurisdiction over this matter and concluded it does not, the Court has determined that this case must be remanded to state court.

## III. CONCLUSION

In accordance with the foregoing, plaintiff's motion to remand is **GRANTED** and this case is **REMANDED** to the Superior Court of California, County of Los Angeles,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:16-cv-06643-CAS(KSx) | Date | October 27, 2016 |
|---|---|---|---|
| Title | U.S. BANK NATIONAL ASSOCIATION v. RICHARD I. FINE ET AL. | | |

forthwith. Plaintiff's request for reasonable attorneys' fees in relation to this matter is **DENIED**

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |